On June 20, 1997, we remanded this cause to the trial court with instructions to make specific findings of fact relating to each material issue raised by the appellant, Joe Carpenter Tyree, in his Rule 32, Ala.R.Crim.P., petition.
The trial court, having complied with those instructions, has issued the following specific findings of fact:
 "The court finds from the evidence that the court had jurisdiction over the defendant because the judgment of conviction rests on an indictment regularly returned by the Grand Jury of Baldwin County, Alabama. Therefore, all of the petitioner's contentions concerning the invalidity of the original arrest warrant are without merit. The defendant's conviction was based on his knowing and voluntary entry of a plea of guilty to the charge of sexual abuse in the first degree.
 "The court finds from the evidence that the Juvenile Court of Baldwin County, Alabama, conducted a hearing concerning the alleged dependency of [D.A.] the petitioner's stepchild. At the hearing, the juvenile judge determined that the minor was sexually abused at the hands of her stepfather. However, the petitioner was not on trial for any criminal offense or subject to any punishment. The focus of the juvenile court healing was solely on the best interest and safety of the minor. Because the petitioner was not at risk of any punishment as a result of the juvenile hearing, and further, the juvenile court did not have any jurisdiction over the petitioner, jeopardy did not attach to the juvenile proceeding with respect to the petitioner. The court notes that the petitioner was not charged in the juvenile court with aiding, encouraging or causing the minor to become delinquent and in need of supervision.
 "Although the petitioner contended that his trial counsel was ineffective because he failed to prepare for trial, the court finds that there is no evidence that trial counsel was in fact incompetent or ineffective. The record of the guilty plea colloquy conducted on February 8, 1993, demonstrates that the defendant, the day before trial, was in the Gulf Shores, Alabama, city jail on assault [in the third degree] charges against a prosecution witness. Moreover, there was an outstanding drug charge against Mr. Tyree and he was on probation from the State of Tennessee with a felony conviction. The defense attorney discussed all of the pending charges with the Assistant District Attorney, Mr. Raines, and reached a plea bargain agreement whereby all of the charges against the petitioner would be dropped in return for his plea of guilty to the sexual abuse [in the first degree] charge and the minimum sentence under the Alabama Habitual Offender Act. The attorney stated at the time the plea was entered that he discussed the plea bargain agreement with Mr. Tyree in numerous telephone conversations and on two days, Thursday and Friday, preceding the trial date. The court asked the defendant 'Has anybody in any law enforcement agency or the District Attorney's Office or your lawyer, or anybody else made you plead guilty?' Mr. Tyree responded in the negative. Mr. Tyree also informed the court that he had enough time to discuss his case with [his attorney] and that [his attorney] had devoted enough time and effort to preparing a defense for his case. Further, he told the court that he was satisfied with the services of [his attorney]. *Page 3 
 "The court finds that the defense attorney obtained the minimum sentence for his client. Because of the three prior felony convictions in the State of Tennessee, the defendant was looking at a term of 15 years to life, if he had been adjudicated guilty on a jury's verdict. Other than a jury finding him not guilty, the defendant got the best sentence that was possible, except for a probationary sentence."
Based on the record, including the trial court's findings of fact, the trial court's denial of the appellant's Rule 32 petition was correct. Therefore, the trial court's judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
All judges concur.